IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MOUSSA MOISE HABA, )
)
    Plaintiff, )
)
v. )   Civil Action No. 3:19CV686
)
SHERIFF BETH ARTHUR, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION
(Dismissing Action Without Prejudice)

Moussa Moise Haba ("Plaintiff"), a detainee, has submitted this civil action under 42 U.S.C. § 1983. The matter is before the Court for evaluation pursuant to 28 U.S.C. § 1915A, 42 U.S.C. § 1997e(c), Federal Rule of Civil Procedure Rule 8(a), and Haba's compliance with the Court's April 8, 2020 Memorandum Order.

On July 6, 2020, the Court received Plaintiff's Second Particularized Complaint. (ECF No. 23.) As explained below, the Particularized Complaint fails to comply with Federal Rule 8(a) and the Court is unable to assess the merits of the claims in its current form.

### I.    PROCEDURAL HISTORY

By Memorandum Order entered on February 6, 2020, the Court directed Plaintiff to file a particularized complaint. The Court explained as follows:

In order to state a viable claim under 42 U.S.C. § 1983,[1] a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Courts must liberally construe *pro se* civil rights complaints in order to address constitutional deprivations. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). In his current Complaint, Plaintiff does not identify the particular constitutional right that was violated by the defendants' conduct. Plaintiff's current terse and conclusory allegations also fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Accordingly, Plaintiff is DIRECTED, within fourteen (14) days of the date of entry hereof, to particularize his complaint in conformance with the following directions and in the order set forth below:

    a.    At the very top of the particularized pleading, Plaintiff is directed to place the following caption in all capital letters "PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:19CV686."

    b.    The first paragraph of the particularized pleading must contain a list of defendants. Thereafter, in the body of the particularized complaint, Plaintiff must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Plaintiff must clearly identify each civil right violated. Under each section, the Plaintiff must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

2

> paragraphs in the body of the particularized complaint that support that assertion. Plaintiff shall also include a prayer for relief.
> 
> c. The particularized pleading will supplant the prior complaints. The particularized pleading must stand or fall of its own accord. Plaintiff may not reference statements in the prior complaints. The Court will not consider any claim that is not clearly alleged in the particularized complaint.
> 
> **FAILURE TO COMPLY WITH THE FOREGOING DIRECTIONS WILL RESULT IN DISMISSAL OF THE ACTION.** See Fed. R. Civ. P. 41(b).
> 
> Federal Rule of Civil Procedure 18(a) provides that: "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Nevertheless, when a plaintiff seeks to bring multiple claims against multiple defendants, he must also satisfy Federal Rule of Civil Procedure 20 which provides:
> 
>> (2) *Defendants.* Persons . . . may be joined in one action as defendants if:
>> 
>> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>> 
>> (B) any question of law or fact common to all defendants will arise in the action.
> 
> Fed. R. Civ. P. 20(a)(2). "Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present[ ] entirely different factual and legal issues.'" *Sykes v. Bayer Pharm. Corp.*, 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (alterations in original) (quoting *Lovelace v. Lee*, No. 7:03CV00395, 2007 WL 3069660, at *1 (W.D. Va. Oct. 21, 2007)). Accordingly, Plaintiff's Particularized Complaint must also comport with the joinder requirements. If Plaintiff fails to submit an appropriate Particularized Complaint that comports with the joinder requirements, the Court will drop all defendants not properly joined with the first named defendant.

(ECF No. 12.)

After receiving an extension of time, Plaintiff filed a Particularized Complaint. By Memorandum Order entered on April 8, 2020, the Court explained as follows:

> The Particularized Complaint in this action fails to comply with Federal Rule of Civil Procedure 8(a) or 8(d)(1). Rule 8(a) provides:

3

> **(a) Claim for Relief.** A pleading that states a claim for relief must contain:
> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
> **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Federal Rule of Civil Procedure 8(d)(1) further requires that each averment "be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Even *pro se* plaintiffs must recognize Rule 8's vision for "a system of simplified pleadings that give notice of the general claim asserted, allow for the preparation of a basic defense, narrow the issues to be litigated, and provide a means for quick dispositions of sham claims." *Prezzi v. Berzak*, 57 F.R.D. 149, 151 (S.D.N.Y. 1972); *see also Peck v. Merletti*, 64 F. Supp. 2d 599, 602 (E.D.Va. 1999); *Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999).

Plaintiff's Particularized Complaint named forty-four separate individuals as defendants. The Particularized Complaint contained six "cause[s] of action," but then also provides a separate section called "LEGAL CLAIMS" where he indicates that defendants violated his First, Fourth, Fifth, and Fourteenth Amendment rights. (Part. Compl. 2–9.) Plaintiff failed to set forth true claims for relief. The Particularized Complaint is also not arranged chronologically or by incident and therefore, the Court is unable to discern any discreet claim for relief. Instead, Haba jumps around in date, and the facts under each "cause of action" do not always appear to be related. Plaintiff also repeatedly, vaguely refers to "the assault" or "misconduct" or "the abuses" that defendants are allegedly responsible for, but it is entirely unclear which assault or abuse he intends to refer to in his vague statement. Plaintiff's statement of his grounds for relief or his claims is neither plain, nor is it simple, concise, or direct, and therefore, the Particularized Complaint does not comply with Federal Rule 8. Plaintiff's Particularized Complaint fails to give the named defendants fair notice of Plaintiff's claims and the grounds upon which they rest.

In addition, Plaintiff Particularized Complaint fails to comply with the joinder rules set forth in the February 6, 2020 Memorandum Order. Instead, it appears to contain a running tally of the many perceived injustices Plaintiff has experienced during his detention. Accordingly, Plaintiff is DIRECTED, within thirty (30) days of the date of entry hereof, to particularize his complaint in conformance with the following directions and in the order set forth below:

      a.    At the very top of the particularized pleading, Plaintiff is directed to place the following caption in all capital letters "SECOND PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:19CV686."

      b.    The first paragraph of the particularized pleading must contain a list of defendants. Thereafter, in the body of the particularized complaint, Plaintiff must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Plaintiff must clearly identify each civil right violated. Under each section, the Plaintiff must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized complaint that support that assertion. Plaintiff shall also include a prayer for relief.

      c.    The particularized pleading will supplant the prior complaints. The particularized pleading must stand or fall of its own accord. Plaintiff may not reference statements in the prior complaints.

**FAILURE TO COMPLY WITH THE FOREGOING DIRECTIONS WILL RESULT IN DISMISSAL OF THE ACTION.** *See* Fed. R. Civ. P. 41(b). Plaintiff must also comply with the joinder requirements set forth above, or the Court will Court will drop all defendants not properly joined with the first named defendant.

(ECF No. 17.)

After he received a sixty-day extension, on July 6, 2020, Plaintiff filed his Second Particularized Complaint. As explained below, Plaintiff fails to correct the deficiencies identified in the April 8, 2020 Memorandum Order.

## II.    PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28

U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a

6

cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. NONCOMPLIANCE WITH RULE 8(a)

The Court explained to Plaintiff in its April 8, 2020 Memorandum Order that his first Particularized Complaint failed to comply with Rule 8(a). Despite the Court's warning, the Second Particularized Complaint again fails to comply with Federal Rule of Civil Procedure 8(a) or 8(d)(1). Rule 8(a) provides:

**(a) Claim for Relief.** A pleading that states a claim for relief must contain:

7

> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
> **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Federal Rule of Civil Procedure 8(d)(1) further requires that each averment "be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Even *pro se* plaintiffs must recognize Rule 8's vision for "a system of simplified pleadings that give notice of the general claim asserted, allow for the preparation of a basic defense, narrow the issues to be litigated, and provide a means for quick dispositions of sham claims." *Prezzi v. Berzak*, 57 F.R.D. 149, 151 (S.D.N.Y. 1972); *see also Peck v. Merletti*, 64 F. Supp. 2d 599, 602 (E.D. Va. 1999); *Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999).

While courts should liberally construe pro se complaints, "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The Court need not attempt "to discern the unexpressed intent of the plaintiff." *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). The Fourth Circuit has explained that "[t]hough [pro se] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett*, 775 F.2d at 1276. In other words, "[d]istrict judges are not mind readers . . . . [and] they cannot be expected to construct full blown claims from sentence fragments." *Id.* at 1278. Although Plainitff's *pro se* status makes him "entitled to some deference," it does not relieve him of his duty

8

to abide by the rules and orders of this Court. *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) (citation omitted). Moreover, "[w]here the context . . . makes clear a litigant's essential grievance, the complainant's additional invocation of general legal principles need not detour the district court from resolving that which the litigant himself has shown to be his real concern." *Beaudett*, 775 F.2d at 1278.

Plaintiff's Second Particularized Complaint still names forty-four separate individuals as defendants. The Second Particularized Complaint contains six "cause[s] of action," but then also provides a separate section called "LEGAL CLAIMS" where he indicates that defendants violated his First, Fourth, Fifth, and Fourteenth Amendment rights. (ECF No. 23, at 15–17.) Plaintiff then lists a section called "FACTS" that appear to be a summary of only Defendant Lyphan's actions. (*Id.* at 16–17.) Plaintiff fails to set forth true claims for relief, and the Second Particularized Complaint is not arranged by type of claim, or by similar facts, or chronologically, or even by incident, making it difficult for the Court to identify claims for relief.

Instead, Plaintiff appears to list a running tally of grievances in no discernable order between September 2017 and October 2019. Plaintiff jumps around in date, and the facts under each "cause of action" are not at all related. For example, Plaintiff refers back to "10/16/2017 physical assault" or "assault in paragraph II section 8, 10 and 11" in nearly every one of his causes of action instead of including all of the facts about the alleged assault in one discernable claim or claims. Plaintiff's statement of his grounds for relief or his claims is neither plain, nor is it simple, concise, or direct, and therefore, the Particularized Complaint does not comply with Federal Rule 8. Plaintiff's

9

Particularized Complaint again fails to give the named defendants fair notice of Plaintiff's facts and the legal basis upon which his or her liability rests. Plaintiff's Second Particularized Complaint and the action will be dismissed.[2]

### III. CONCLUSION

The Court provided Plaintiff with several opportunities to provide a clear, succinct, statement of his claims. Plaintiff failed to produce a complaint that the Court could review. Accordingly, the action will be dismissed without prejudice.

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: Nov. 16, 2020
Richmond, Virginia

---

[2] The Court also suspects that the majority of the Defendants and claims are improperly joined. However, based on the current state of the pleading, it is impossible to make that assessment.